JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Ciccone, Administrator of the Estate of James Higham, deceased Kathleen Myers and Elizabeth Ciccone

## DEFENDANTS
Edward J. Gardner, Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations) and John Does 1-10 (fictitious designations)

**(b)** County of Residence of First Listed Plaintiff: **Mercer**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stark & Stark, P.C.
P.O. Box 5315, Princeton, NJ 08543-5315
(609) 896-9060

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1332
Brief description of cause:
Motor vehicle/tractor trailer negligence; survival and wrong death actions

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/03/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| MARK CICCONE, Administrator of the Estate of JAMES HIGHAM, deceased, KATHLEEN MYERS, and ELIZABETH CICCONE, | : Docket No.: |
| Plaintiffs, | |
| v. | |
| EDWARD J. GARDNER, GRUBB LUMBER COMPANY, INC., ABC COMPANIES 1-10 (fictitious designations), and JOHN DOES 1-10 (fictitious designations), | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | |

Plaintiffs, Mark Ciccone, Administrator with Will Annexed of the Estate of James Higham, deceased, Elizabeth Ciccone, residing at 20 Valley Road in the Township of Hamilton, County of Mercer and State of New Jersey, and Kathleen Myers, residing at 39 Albemarle Road, in the Township of Hamilton, County of Mercer, and State of New Jersey by way of Complaint, state:

## NATURE OF THE CASE

1. This is a civil action for personal injuries, wrongful death, and other damages suffered by the plaintiffs, Estate of James Higham, Kathleen Myers, and Elizabeth Ciccone (collectively "Plaintiffs") against Defendants, Edward J. Gardner, Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) (collectively "Defendants"). This action arises out of a tractor-trailer collision on September 2, 2016 on U.S. Route 130 South in Burlington City, New Jersey, in which a tractor-trailer owned by Defendant Grubb Lumber Company, Inc., and operated by its employee, Defendant Edward J.

Gardner, crashed into the rear end of a vehicle being operated by the decedent, James Higham. The Defendants' negligence was the cause of Plaintiffs' injuries.



## PARTIES

2. Plaintiff, the Estate of James Higham, by and through Mark Ciccone, as Administrator with Will Annexed of the Estate of James Higham, is a citizen of the State of New Jersey.

3. Decedent, James Higham, was an individual and citizen of the State of New Jersey.

4. Plaintiff, Elizabeth Ciccone, is the daughter of James Higham and an individual and citizen of the State of New Jersey.

5. Plaintiff, Kathleen Myers, is the daughter of James Higham and an individual and citizen of the State of New Jersey.

4820-8322-1849, v. 1

6. On January 26, 2017, Plaintiffs' decedent, James Higham, died in Levittown, Bucks County, Pennsylvania.

7. On February 21, 2017, by Order of the Surrogate's Court, Mercer County, New Jersey, Mark Ciccone was appointed Administrator with Will Annexed of the Estate of James Higham, deceased, with full powers to prosecute the within lawsuit for the personal injuries and wrongful death of James Higham, pursuant to N.J.S.A. 2A:31-2. Said appointment remains in full force and effect.

8. Defendant, Edward J. Gardner, is a citizen of the State of Delaware.

9. Defendant, Edward J. Gardner, resides at 2302 Hammond Place in the City of Wilmington, County of New Castle, and State of Delaware.

10. Defendant, Grubb Lumber Company, Inc. (hereinafter, "Grubb Lumber Company"), is a Delaware corporation duly organized and incorporated in the State of Delaware with its principal place of business at 200 A Street in the City of Wilmington, County of New Castle, and State of Delaware.

11. Defendant(s), ABC Companies 1-10, are fictitious designations whose residences, corporate information and/or principal places of business are currently unknown.

12. Defendant(s), John Does 1-10, are fictitious designations whose residences, corporate information and/or principal places of business are currently unknown.

13. At present, the identity(ies) of Defendants, ABC Companies 1-10 and John Does 1-10, are unknown. As such, ABC Companies 1-10 and John Does 1-10 are fictitious designations representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), corporation(s), and/or the agents, servants or employees of the aforesaid entities, which in any way owned,

possessed, controlled, entrusted, insured, hired for and/or maintained any truck, tractor-trailer, and/or motor vehicle which caused or contributed to the crash at issue herein, or who were otherwise responsible, in whole or in part, for the crash or the injuries sustained by the plaintiffs.

14. This action is commenced within two years of the death of James Higham.

## VENUE AND JURISDICTION

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the state where Defendants reside, are incorporated, and have their principal place(s) of business.

16. Venue is properly laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because the crash occurred within New Jersey and caused Plaintiffs' decedent, James Higham, to suffer severe personal injuries and death within New Jersey and, therefore, a substantial part of the events or omissions giving rise to the claim occurred in New Jersey.

17. Venue is proper in this District because the crash occurred in Burlington City, New Jersey, in the County of Burlington, which falls within the jurisdiction of this Court.

18. Further, all plaintiffs reside in Mercer County, New Jersey. The Burlington City Police Department conducted an investigation at the scene of the crash, the defendant driver, Edward J. Gardner, was charged with motor vehicle violations related to this crash, and any potential witnesses to the crash are likely to be located in New Jersey.

## FACTUAL ALLEGATIONS

19. Defendant, Grubb Lumber Company, is engaged in the manufacture and supply of millwork, lumber and building materials for housing developers and contractors in the Mid-Atlantic states.

20. Defendant, Grubb Lumber Company, has its own private fleet of motor carriers, which consists of 17 vehicles and trucks and 19 drivers.

21. In the 24 month period preceding the subject crash that claimed the life of James Higham, Defendant Grubb Lumber Company's vehicles were involved in at least two other crashes.

### Grubb Lumber Company, Inc., Driver: Edward J. Gardner

22. On September 2, 2016, Edward J. Gardner, was employed by Grubb Lumber Company as a truck driver.

23. Mr. Gardner lived in Wilmington, Delaware.

24. Mr. Gardner's job was based out of the Grubb Lumber Company, Inc.'s facility in Wilmington, Delaware.

25. Mr. Gardner was hired by Grubb Lumber Company, Inc., in March of 2016.

26. On the morning of September 2, 2016, Mr. Gardner woke at approximately 4:30 a.m. and got ready for work.

27. Mr. Gardner arrived at the Grubb Lumber Company lumber yard at approximately 6:30 a.m. where he picked up the 2005 Mack truck/tractor-trailer bearing Delaware license number CL112804, which was loaded with lumber.

28. Mr. Gardner then proceeded to deliver the lumber to a site in Pennsylvania.

29. After unloading the lumber in Pennsylvania, Mr. Gardner was instructed by his employer, Grubb Lumber Company, Inc., to drive to a site in Burlington County, New Jersey where he was to pick up another load of lumber.

30. In New Jersey, Mr. Gardner was traveling on U.S. Route 130 South at approximately 9:45 a.m. when the tractor-trailer he was operating violently collided with the rear of a 2003 Pontiac Aztec being operated by the decedent, James Higham.

### James Higham

31. On the morning of September 2, 2016 at approximately 9:45 a.m., James Higham was driving his 2003 Pontiac Aztec bearing New Jersey license number NXT10H on U.S. Route 130 South in Burlington City, New Jersey.

32. Mr. Higham was on his way to visit his daughter, Kathleen Myers, who lived in Cinnaminson, New Jersey at the time.

33. Mr. Higham had two adult daughters: Kathleen Myers and Elizabeth Ciccone.



4820-8322-1849, v. 1

34. Mr. Higham had four grandchildren: Allison E. Myers, Nicole M. Ciccone, Sara E. Ciccone, and John J. Ciccone.



**The Crash**

35. At approximately 9:45 a.m. on September 2, 2016, both Mr. Higham's Pontiac Aztec and Defendant Grubb Lumber Company's, tractor-trailer were traveling in the southbound lanes of U.S. Route 130 in Burlington City, New Jersey.

36. Mr. Higham brought his vehicle to a stop behind another stopped vehicle at a red traffic signal at the intersection of U.S. Route 130 South and Jones Street in Burlington City, New Jersey.

37. As the Grubb Lumber Company tractor-trailer operated by Edward J. Gardner approached the intersection of U.S. Route 130 South and Jones Street behind Mr. Higham's Pontiac Aztec, Mr. Gardner failed to make proper observations of traffic conditions ahead of him.

7

38. The speed limit was 45 miles per hour.

39. Both Mr. Higham's vehicle and the tractor-trailer driven by Edward J. Gardner were in the far right lane of U.S. Route 130 South.

40. Upon information and belief, Mr. Gardner's view of traffic ahead of him as he approached the intersection with Jones Street was unobstructed.

41. There were no objects obstructing the shoulder lane to Mr. Gardner's immediate right as he approached the intersection with Jones Street.

42. The Grubb Lumber Company tractor-trailer operated by Edward J. Gardner violently crashed into the rear of Mr. Higham's Pontiac Aztec, causing it to collide with the vehicle stopped directly in front of it.

43. Mr. Higham's Pontiac Aztec was hurled into the intersection where it came to rest after suffering massive damage.




44. Mr. Higham was extracted from his vehicle and transported to the hospital.

4820-8322-1849, v. 1

45. Mr. Higham suffered for 146 days before succumbing to the severe injuries he suffered as a direct result of the September 2, 2016 crash.



## FIRST COUNT

## WRONGFUL DEATH

46. The Plaintiffs incorporate herein by reference all preceding paragraphs.

47. Defendant, Edward J. Gardner, owed the public, including James Higham, a duty to use reasonable care in operating and controlling the Grubb Lumber Company, Inc., vehicle he was operating.

48. Defendant Gardner failed to use reasonable care in operating his employer's tractor-trailer when he failed to make proper observations for traffic ahead of him; failed to stop the tractor-trailer he was driving before crashing into James Higham's vehicle, ahead of him; failed to operate the tractor-trailer's braking, steering and other safety systems and devices in a

9

proper and safe manner; failed to maintain control over the tractor-trailer he was driving; failed to maintain the tractor-trailer he was operating in a safe and proper manner; failed to properly inspect, maintain and/or repair the tractor-trailer he was operating; failed to heed the road and driving conditions present in the location of the aforementioned crash; failed to operate the tractor-trailer as a reasonably prudent person would under the circumstances; and failed to obey the regulations, rules, ordinances and statutes of the United States of America, the State of New Jersey, and/or the State of Delaware in such cases made and provided.

49. Defendant Gardner caused the collision between James Higham's vehicle and the Grubb Lumber Company tractor-trailer Defendant Gardner was operating, thereby breaching his duties owed to James Higham.

50. As a direct and proximate result of Defendant Gardner's negligence and breach of duties owed to James Higham, James Higham suffered fatal bodily injuries and was pronounced dead at 2:50 a.m. on January 26, 2017.

51. As a direct and proximate result of Defendant Gardner's negligence in causing the death of James Higham, Plaintiffs Kathleen Myers and Elizabeth Ciccone have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

52. This Complaint was timely filed within two years of the death of James Higham.

WHEREFORE, Plaintiffs, Kathleen Myers and Elizabeth Ciccone, daughters of James Higham, demand Judgment for damages generally against the defendant, Edward J. Gardner, Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and /or John Does

1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## SECOND COUNT

## SURVIVAL ACTION

53. The Plaintiffs incorporate herein by reference all preceding paragraphs.

54. Defendant Gardner owed James Higham a duty to use reasonable care in operating and controlling the Grubb Lumber Company tractor-trailer he was operating at the time of the subject crash.

55. Defendant Gardner breached his duty owed to James Higham when he failed to use reasonable care in operating his employer's, Grubb Lumber Company's, tractor-trailer when he failed to make proper observations for traffic ahead of him; failed to stop the tractor-trailer he was driving before crashing into James Higham's vehicle, ahead of him; failed to operate the tractor-trailer's braking, steering and other safety systems and devices in a proper and safe manner; failed to maintain control over the tractor-trailer he was driving; failed to maintain the tractor-trailer he was operating in a safe and proper manner; failed to properly inspect, maintain and/or repair the tractor-trailer he was operating; failed to heed the road and driving conditions present in the location of the aforementioned crash; failed to operate the tractor-trailer as a reasonably prudent person would under the circumstances; and failed to obey the regulations, rules, ordinances and statutes of the United States of America, the State of New Jersey, and/or the State of Delaware in such cases made and provided.

56. Defendant Gardner caused the collision between James Higham's vehicle and the Grubb Lumber Company tractor-trailer Mr. Gardner was operating, and thereby breached his duties owed to James Higham.

11

57. As a direct and proximate result of Defendant Gardner's breach of duties owed to James Higham, Mr. Higham suffered from pre-impact fright and conscious pain and suffering until he was pronounced dead at 2:50 a.m. on January 26, 2017 at the Statesman Health and Rehabilitation Center approximately five months after the crash.

58. After the crash, Mr. Higham never returned to his home and never functioned independently again.

59. As a direct and proximate result of Defendant Gardner's breach of duty owed to James Higham, the Estate or James Higham has incurred funeral expenses and medical bills.

60. By reason of the foregoing, James Higham, deceased, suffered severe and permanent personal injuries, fractures and other internal bodily injuries, suffered severe mental anguish, fear of impending death and, decedent, James Higham, was otherwise damaged.

61. Plaintiffs bring a survival action pursuant to N.J.S.A. 2A:15-3 for the aforementioned expenses, conscious pain and suffering and pre-impact fright suffered by James Higham.

WHEREFORE, the Estate of James Higham demands Judgment for damages generally against Defendants, Edward J. Gardner, Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

### THIRD COUNT

### NEGLIGENCE

62. The Plaintiffs incorporate herein by reference all preceding paragraphs.

63. Defendant, Edward J. Gardner, had a duty to act reasonably and use due care while driving. Defendant Gardner had a duty to pay attention to traffic and other vehicles, to

maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of New Jersey, to maintain proper speed for the conditions, to reduce speed to avoid an accident and to control his vehicle to avoid a collision.

64. Defendant Gardner breached that duty of due care by failing to pay proper attention to the roadway, traffic and vehicles in his path, by failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of New Jersey, failing to maintain proper speed for the conditions, failing to reduce speed to avoid an accident, failing to maintain a proper distance between vehicles and failing to control his vehicle in order to avoid a collision.

65. As a direct result of the aforementioned crash and the negligence of Defendant Gardner, James Higham suffered conscious pain and suffering, sustained fatal bodily injuries, was confined to a lengthy hospital and in-patient rehabilitation stay, and was ultimately pronounced dead at 2:50 a.m. on January 26, 2017.

66. As a direct result of the aforementioned crash and the negligence of Defendant Gardner, the Plaintiffs have suffered conscious pain and suffering, incurred medical expenses, funeral expenses and other damages.

67. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Gardner, and were incurred without contributory negligence or assumption of the risk on the part of the decedent, James Higham, or an opportunity for James Higham to avoid the crash.

WHEREFORE, Plaintiff, Estate of James Higham, by Mark Ciccone, as Administrator with Will Annexed of the Estate of James Higham, demands Judgment for damages generally against Defendants, Edward J. Gardner, Grubb Lumber Company, Inc., ABC Companies 1-10

13

(fictitious designations), and/or John Does 1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## FOURTH COUNT

## RESPONDEAT SUPERIOR

68. The Plaintiffs incorporate herein by reference all preceding paragraphs.

69. At all times relevant hereto, Defendant Edward J. Gardner was employed by, and was an agent, servant and/or employee of Defendant Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations).

70. The above-described acts of Defendant Edward J. Gardner were committed within the scope of his employment with Defendant(s), Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), in that they were committed while Defendant Gardner was on duty and in furtherance of the business of Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations)

71. As Defendant Gardner's employer, Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) are vicariously liable for all of the negligent acts committed by Defendant Gardner within the scope of his employment.

WHEREFORE, Plaintiffs demand Judgment for damages generally against Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

14

## FIFTH COUNT

## NEGLIGENT ENTRUSTMENT

72. The Plaintiffs incorporate herein by reference all preceding paragraphs.

73. At all times relevant hereto, Defendant Edward J. Gardner was employed by Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations).

74. The aforementioned acts described herein were committed within the scope of Defendant Edward J. Gardner's employment with Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), and Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) are responsible for those acts performed within the scope of Defendant Gardner's employment.

75. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) supplied and arranged for the use of equipment to Defendant Gardner.

76. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) hired Defendant Gardner as a truck driver. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) had a duty to investigate Defendant Gardner's driving record and driving history.

77. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) failed to properly investigate

15

Defendant Gardner's driving history and made insufficient efforts to investigate whether or not Defendant Gardner was a safe, fit and competent driver.

78. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) knew, had reason to know or should have known, that Defendant Gardner had a record of dangerous, reckless and incompetent driving and that he would be likely to use the equipment provided in a manner involving unreasonable risk of physical harm.

79. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) knew, had reason to know or should have known, that by contracting with Defendant Gardner, his use of a truck could involve the risk of physical harm to others.

80. The Decedent, James Higham, was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant Gardner's operation of a tractor-trailer.

81. The negligence of Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) in entrusting the equipment to Defendant Gardner concurrently and proximately caused injury to the Plaintiffs.

WHEREFORE, Plaintiffs demand Judgment for damages generally against Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## SIXTH COUNT

## NEGLIGENT HIRING AND RETENTION

82. The Plaintiffs incorporate herein by reference all preceding paragraphs.

83. Defendant Edward J. Gardner was employed by Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations).

84. The aforementioned acts described herein were committed within the scope of Defendant Gardner's employment with Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations).

85. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) are responsible for those negligent acts performed within the scope of Defendant Gardner's employment.

86. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) hired Defendant Gardner as a truck driver.

87. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) had a duty to investigate Defendant Gardner's driving record and driving history.

88. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) failed to properly investigate Defendant Gardner's driving history, and made insufficient efforts to investigate whether or not Defendant Gardner was a safe, fit and competent driver.

89. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) knew, had reason to know or should have known, that Defendant Gardner had a record of dangerous, reckless and incompetent driving, and he would be likely to use the equipment provided in an unsafe manner involving unreasonable risk of physical harm.

90. Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) knew, had reason to know or should have known, that by contracting with Defendant Gardner, his use of a truck could involve the risk of physical harm to others. The acts and omissions of Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) caused the Plaintiffs' injuries.

91. The negligence of Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations) in hiring and/or retaining Defendant Gardner was a proximate cause of the Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand Judgment for damages generally against Defendant(s) Grubb Lumber Company, Inc., ABC Companies 1-10 (fictitious designations), and/or John Does 1-10 (fictitious designations), individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand upon Defendants:

a. actual, compensatory and statutory damages;

b. pre and post-judgment interest as allowed by law;

c. an award of attorneys' fees as allowed by law;

d. an award of taxable costs; and

e. any and all such further relief as this Court deems just and proper.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiffs

By: _____
BRUCE H. STERN
N.J. Bar No. 01483-1981
bstern@stark-stark.com

Dated: January 3, 2018